IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Daufuskie Island Properties, LLC, a/k/a<br>Daufuskie Island Resort & Breathe Spa,<br>Debtor. | Case No. 09-00389-jw<br><br>Chapter 11 |

### APPLICATION FOR AUTHORIZATION TO EMPLOY NEXSEN PRUET, LLC AS ATTORNEY FOR THE CHAPTER 11 TRUSTEE

Robert C. Onorato, the Chapter 11 Trustee in this case (the "Trustee"), would respectfully show to the Court that:

1. On January 20, 2009, Daufuskie Island Properties, LLC, a/k/a Daufuskie Island Resort & Breathe Spa (the "Debtor"), filed a petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.). The Debtor operated as the debtor-in-possession until the Trustee's appointment in this case.

2. On March 17, 2009, the Court entered its Order Granting Joint Motion for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, granting the joint motion of the Official Committee of Unsecured Creditors (the "Creditors Committee"), Beach First National Bank ("Beach First") and AFG, LLC ("AFG") for the appointment of a trustee in this case. Thereafter, on March 20, 2009, the Court entered its Order Approving Appointment of Trustee, approving the United States Trustee's appointment of the undersigned as Trustee for the Chapter 11 estate of the Debtor.

3. In the performance of his duties as Trustee for the Debtor's Chapter 11 estate, it will be necessary for the applicant to employ the services of an attorney. An attorney will be

needed to advise the Trustee on legal matters and issues arising in this case, to draft documents and pleadings to address the various matters in this case, to assist in the administration of the bankruptcy estate, and to otherwise represent and counsel the Trustee in the performance of his duties.

4. The Trustee seeks the authorization to employ Nexsen Pruet, LLC ("Nexsen Pruet") as his attorney in this case.

5. The Trustee has selected Nexsen Pruet for the reason that its attorneys have experience in matters of this nature. Moreover, the Trustee is informed and believes that Nexsen Pruet is well qualified to assist in the areas in which it is to be employed.

6. The Trustee is informed and believes that Nexsen Pruet is a disinterested person as that term is defined by 11 U.S.C. §101(14), and Nexsen Pruet does not hold or represent an interest adverse to the estate.

7. To the best of the Trustee's knowledge, Nexsen Pruet has no connection with the Debtor, its creditors or any party in interest in this case, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, except as follows:

(a) Coastal Connections, Inc. ("Coastal Connections") is a creditor of the Debtor. The Debtor lists Coastal Connections as being owed $62,883.00, and does not identify the claim as being disputed or contingent. Nexsen Pruet previously represented Coastal Connections in connection with this debt of the Debtor, and in other matters unrelated to this case, but Nexsen Pruet has not represented Coastal Connections in this case. It should be noted that the Debtor's schedules list a Nexsen Pruet attorney as being the attorney for Coastal Connections; however, this listing is in error, insofar as Nexsen Pruet has not undertaken any

representation of the creditor in this case. Coastal Connections has acknowledged that Nexsen Pruet is not representing it, and it has agreed to waive any potential conflict of interest. Nexsen Pruet has advised the Trustee that it is informed and believes that, because its representation of this creditor ended before or upon the filing of this case, Nexsen Pruet does not represent an interest adverse to the estate. Moreover, Nexsen Pruet is informed and believes that its previous representation of Coastal Connections will have no impact upon Nexsen Pruet's representation of the Trustee in this case.

(b)    IKON Business Financial Services ("IKON") appears to be a creditor in this case. Nexsen Pruet previously represented IKON in various matters, but none involving the Debtor or the matters in this case. The previous matters were unrelated to the Debtor and this case, and Nexsen Pruet is not presently representing IKON. Nexsen Pruet has advised the Trustee that its prior representation of IKON will not impact its representation of the Trustee in this case.

(c)    Nexsen Pruet and its attorneys and staff have worked with numerous attorneys, accountants, other professionals, staff persons and other persons who may, or may not, appear in this and other cases, and Nexsen Pruet's attorneys, staff and employees may have social and professional relationships with various other attorneys and professionals who from time to time appear in matters before this Court, and with members of the Court and Court personnel. Any such relationships or connections are unrelated to this case.

(d)    One of Nexsen Pruet's members, Julio E. Mendoza, Jr. previously served as the standing Chapter 12 Bankruptcy Trustee for the District of South Carolina. He resigned from that position effective January 1995.

(e) The Melrose property owners association is a party in interest in this case. Nexsen Pruet has previously represented the Melrose property owners association in various matters, including the debtor's attempt to rezone certain open spaces prior to the bankruptcy filing. Nexsen Pruet is informed and believes that this prior representation will not impact its representation of the Trustee in this case.

(f) The Bloody Point property owners association is a party in interest in this case. Nexsen Pruet has previously represented the Bloody Point property owners association in various matters. Nexsen Pruet is informed and believes that this prior representation will not impact its representation of the Trustee in this case.

(g) From time to time during the course of any given period, Nexsen Pruet, its attorneys, its staff, and its other employees may be a creditor or a debtor of the United States of America and/or the State of South Carolina, depending upon whether tax payments exceed or are less than the tax liability owed by such person. For example, at a given point in the year an individual might be due a tax refund or owe an additional amount of taxes. These matters are unrelated to this case.

8. Upon further review of the mailing matrix, Nexsen Pruet will supplement this information if it determines that relationships with creditors of the bankruptcy estate exist. The Trustee is informed and believes that such representation, if it exists, is not adverse to the bankruptcy estate.

WHEREFORE, the Trustee prays that he be authorized to employ Nexsen Pruet, LLC as his attorneys in this case with compensation to be set by the Court upon application.

RESPECTFULLY SUBMITTED on this the 30th day of March, 2009, at Hilton Head Island, South Carolina.

_____
Robert C. Onorato
3 Carma Court
Hilton Head Island, SC   29926
(843) 681-9080

Trustee for the Chapter 11 Estate of Daufuskie
Island Properties, LLC, a/k/a Daufuskie Island
Resort & Breathe Spa