IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Case No:  09-00389-jw

ORDER AWARDING INTERIM COMPENSATION TO PARKER POE ADAMS &
BERNSTEIN LLP AS SPECIAL COUNSEL FOR THE DEBTOR FOR THE PERIOD OF
JANUARY 23, 2009 THROUGH MARCH 20, 2009

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**01/06/2010**



*signature: John E. Waites*

Chief US Bankruptcy Court Judge
District of South Carolina

Entered: 01/06/2010

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: | Case No. 09-00389-jw |
| Daufuskie Island Properties, LLC, a/k/a Daufuskie Island Resort & Breathe Spa, | Chapter 11 |
| Debtor. | |

**ORDER AWARDING COMPENSATION TO PARKER POE ADAMS & BERNSTEIN LLP AS SPECIAL COUNSEL FOR THE DEBTOR FOR THE PERIOD OF JANUARY 23, 2009 THROUGH MARCH 20, 2009**

After notice of at least twenty (20) days to all parties in interest, this matter came before the court on the application of Parker Poe Adams & Bernstein LLP ("Parker Poe"), filed on January 23, 2009, for the approval of fees and the reimbursement of out-of-pocket expenses incurred as special counsel for the Debtor in this case, for the period from January 23, 2009 through March 20, 2009, pursuant to 11 U. S. C. § 331. The Court entered its Order on February 18, 2009, authorizing Parker Poe's employment as the special counsel for the Debtor in this case.

In its application, Parker Poe seeks approval of fees in the amount of $30,321.00 and the reimbursement of expenses in the amount of $3,937.16. The combined total of fees and expenses sought in the application is $34,258.16.

Two objections were filed to Parker Poe's application, by Beach First National Bank ("Beach First") and by the Official Committee of Unsecured Creditors (the "Creditors Committee"). In settlement of the objections filed by Beach First and Tidelands Bank, Parker Poe agrees that (1) the post-petition loans made by Beach First and Tidelands Bank must be fully paid before Parker Poe receives payment of its fees and reimbursement of its expenses, (2) the approval of the interim fees and the expense reimbursement under this Order does not provide authorization for the Debtor to surcharge Beach First's collateral for the payment of the amounts approved herein, (3) the Debtor will not treat the amounts approved for Parker Poe's interim fees and expense reimbursement as having priority above other allowed administrative priority claims, and the amounts approved for Parker Poe will receive the same treatment

2

that other allowed administrative priority claims receive in this case, and (4) Beach First and the Creditors Committee reserve their rights with respect to future fees and expense reimbursement applications of Parker Poe in this case.

The U.S. Trustee has reviewed the application and consents to the award of fees and expenses to Parker Poe sought in the application.

Based on the representations of parties in interest, and after careful consideration of the application, this Court finds that $30,321.00 is reasonable compensation to be paid for the services rendered by Parker Poe from January 23, 2009 through March 20, 2009, and that $3,937.16 is reasonable reimbursement for costs incurred by Parker Poe during said period.

The amount is authorized by the Court based upon the representations made in the fee application and attachments filed with this Court and may be reduced or increased if such representations prove incorrect prior to the closing of this case.

Therefore, it is

ORDERED ADJUDGED AND DECREED that Parker Poe's application for payment of interim fees and expenses for the period of January 23, 2009 through March 20, 2009, is approved in the amount of $34,258.16, and the Debtor is authorized to issue payment to Parker Poe when funds become available for such payment.